# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK GUIDER,** | : | No. 3:25-CV-0017 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **GREGORY BRIGGS,** *et al.*, | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, in light of this court's January 7, 2025 order, (Doc. 5), in which the court granted Plaintiff's motion for leave to proceed *in forma pauperis* but required Plaintiff to submit the statutorily mandated initial partial filing fee of $48.17 within 30 days, (see id. ¶ 1), and which order additionally warned Plaintiff that "[n]o further action" would be taken on his case until that initial partial fee was received, (see id. ¶ 6), and that failure to comply with the court's order could result in dismissal of his case, (see id.), and upon consideration of this court's subsequent February 12, 2025 order, (Doc. 6), in which the court noted that Plaintiff had failed to timely submit the initial partial filing fee or seek an extension of time to pay that fee, (see id.), and which order *sua sponte* gave him an additional ten days to comply with the requirements of 28 U.S.C. § 1915(b)(1)(A) and this court's prior order (or establish why he could not pay the initial partial filing fee), warning Plaintiff that failure to comply with the order would result in dismissal of his case, (see id.), and upon further consideration of Plaintiff's

request for an extension of time to pay the initial partial filing fee, (Doc. 7), which motion was promptly granted, (see Doc. 8), extending the deadline for the statutory initial partial fee to March 13, 2025, (see id.), and the court observing that—to date—no initial partial fee has been received nor has Plaintiff sought an additional extension of time to pay that fee (or submitted any other communication to the court), and thus finding that Plaintiff has failed to comply with multiple court orders, **IT IS ORDERED** that:

1. The above-captioned case is **DISMISSED** without prejudice for failure to comply with this court's orders. See FED. R. CIV. P. 41(b).[1]

2. The Clerk of Court is directed to CLOSE this case.

Date: 3/18/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

---

[1] To the extent this order is construed as a dismissal for failure to prosecute (rather than for failure to comply with prior court orders), such dismissal is appropriate as well. When dismissing a case for failure to prosecute, the court must balance the six factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). Those factors warrant dismissal here. Plaintiff is the party responsible for the failure to prosecute, as he is acting *pro se*, has not appropriately communicated with the court, and has not complied with prior orders. At this time, there does not appear to be significant prejudice to Defendants, other than the inability of this case to proceed due to Plaintiff's failure to respond and the delay which that failure has caused. There is a history of dilatoriness here, as Plaintiff has failed to timely respond to multiple court orders. Plaintiff's failure to respond to or comply with court orders, at this point, can be presumed to be intentional or willful. No alternative sanctions are available, as Plaintiff is acting *pro se* and has not taken the required steps to properly initiate this case, despite having regular deposits that could cover the statutorily mandated initial partial fee. Moreover, dismissal is without prejudice, affording Plaintiff the opportunity to correct his deficiencies in the future. Accordingly, even if there is merit to Plaintiff's Section 1983 claim(s) against Defendants (which is uncertain), nearly all the other Poulis factors militate in favor of dismissal. See United States v. Brace, 1 F.4th 137, 143 (3d Cir. 2021) (explaining that not all the Poulis factors must be satisfied to warrant dismissal).

2