## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDERICK GUIDER,                    :        No. 3:25-CV-0017
          **Plaintiff**             :
                                    :        **(Judge Munley)**
      **v.**                            :
                                      :
GREGORY BRIGGS, *et al.*,             :
          **Defendants**            :

## MEMORANDUM

Plaintiff Frederick Guider initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging constitutional violations regarding incoming electronic correspondence at Dauphin County Prison. The court will dismiss Guider's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted but will provide leave to amend.

## I.    BACKGROUND

In his complaint, Guider asserts that he is a pretrial detainee at Dauphin County Prison. (Doc. 1 at 2). He alleges that on numerous occasions in 2023 and 2024, pictures sent electronically from his family and friends have been censored for no legitimate reason and without the ability to challenge the censorship. (Id. at 4-5). He further asserts that he is being charged $.03 or $.05

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

a minute to re-read emails and to review pictures that he has already paid to view. (Id. at 5). Finally, Guider alleges that some of his emails and pictures are being confiscated without notice or an opportunity to object to the confiscation. (Id. at 5-6).

Guider lodged the instant complaint in this court on January 3, 2025, but did not submit the initial partial filing fee until April 28, 2025. (See Docs. 1, 6, 9, 11, 13). He sues two defendants: Warden Gregory Briggs and Deb Alderson of "ViaPath Technologies." (Doc. 1 at 2-3). He seeks compensatory and punitive damages as well as various types of injunctive relief with respect to the prison email system. (Id. at 7-8).

## II.    STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. See 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" Id. § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a pro se prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); O'Brien v.

2

U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)

(alterations in original)).  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.  Id. (quoting Iqbal, 556 U.S. at 679).  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."  Id. (quoting Iqbal, 556 U.S. at 679).  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 681.

Because Guider proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).  This is particularly true when the *pro se* litigant, like Guider, is incarcerated.  See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.  DISCUSSION

Guider does not specify what types of constitutional tort claims he is asserting.  He simply lists the First, Fifth, and Fourteenth Amendments as having been violated.  (See Doc. 1 at 7).  It is possible that Guider is asserting a First Amendment free speech claim regarding censorship of his incoming personal mail and a Fourteenth Amendment claim of deprivation of property without due

4

process regarding the fees he is being charged to access email and pictures. It is also possible that Guider is attempting to assert a Fourteenth Amendment due process claim regarding the rejection of his incoming correspondence without notice or an opportunity to challenge the rejection.[2] At this juncture, however, the court need not discern exactly what constitutional tort claims Guider is raising or if he has plausibly alleged each element of those claims. That is because his complaint is deficient for several more global reasons.

## A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); see also Ashcroft v. Iqbal, 556. U.S. 662, 676 (2009) (affirming same principle in Bivens context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated

---

[2] Because Guider is suing only local government officials, he has provided no basis for a claim under the Fifth Amendment, which pertains exclusively to action by the federal government. See B & G Constr. Co. v. Dir., Office of Workers' Comp. Programs, 662 F.3d 233, 246 n.14 (3d Cir. 2011); Bieregu v. Reno, 59 F.3d 1445, 1454 (3d Cir. 1995) (noting that due process claim against federal officials arises under Fifth Amendment), overruled on other grounds by Lewis v. Casey, 518 U.S. 343 (1996); Nguyen v. U.S. Cath. Conf., 719 F.2d 52, 54 (3d Cir. 1983) (per curiam) (explaining that Fifth Amendment applies only to "federal governmental action").

through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity. Id. (quoting Rode, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. See id. (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); Lewis v. Wetzel, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Guider's first and primary deficiency is that he fails to allege personal involvement by either Defendant in the purported constitutional violations. His complaint is silent as to the alleged unlawful action (or inaction) of Warden Briggs or Deb Alderson. Although Guider lists these Defendants' names at the beginning of the section of his complaint discussing the facts of his claims, (see Doc. 1 at 4), he does not plausibly allege how either Defendant was involved in the censorship of his incoming email and pictures or the fees he was charged for

6

accessing this electronic correspondence. Accordingly, the court must dismiss

any and all Section 1983 claims against both Defendants pursuant to 28 U.S.C. §

1915A(b)(1) for lack of personal involvement.

### B.    State Action

Guider names Deb Alderson of ViaPath Technologies as a defendant.

(See Doc. 1 at 3). However, Guider has not plausibly alleged how Alderson

could be liable for civil rights violations under 42 U.S.C. § 1983. Only state

actors are subject to Section 1983 liability. See 42 U.S.C. § 1983; Kach v. Hose,

589 F.3d 626, 646 (3d Cir. 2009). Guider has provided no plausible allegations

as to why Alderson—who apparently works for a private technology company out

of Falls Church, Virginia—should be deemed a state actor under Section 1983.

See Kach, 589 F.3d at 646. Consequently, any Section 1983 claim against

Alderson must be dismissed pursuant to Section 1915A(b)(1) for failure to

plausibly plead state action.

### C.    Fourteenth Amendment Deprivation of Property

With respect to the allegedly excessive charges for viewing electronic

correspondence, it is possible that Guider is attempting to assert a Fourteenth

Amendment claim of deprivation of property without due process of law. See

Hudson v. Palmer, 468 U.S. 517 530, 533 (1984). This constitutional tort,

however, has significantly limited application. Most acutely, such a due process

claim is unavailable when "adequate state post-deprivation remedies are available." Id. at 533.

Guider's complaint is silent as to whether adequate state post-deprivation remedies exist for the loss of his property, i.e., the $.03 and $.05 charges for viewing electronic correspondence. However, the United States Court of Appeals for the Third Circuit has held that the prison grievance process constitutes an adequate post-deprivation remedy for loss-of-property claims, even if the plaintiff disagrees with the results. See Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000); see also Cruz v. SCI-SMR Dietary Servs., 566 F. App'x 158, 160 (3d Cir. 2014) (nonprecedential) (noting that district court correctly dismissed Fourteenth Amendment due process property deprivation claim due to existence of state post-deprivation remedies). Additionally, while "[i]nmates have a property interest in funds held in prison accounts," the Third Circuit has opined that a "fixed, non-punitive assessment" of a modest fee in exchange for prison services limits the danger of prison authorities "abusing the power to make unauthorized deductions." Reynolds v. Wagner, 128 F.3d 166, 180-81 (3d Cir. 1997).

Accordingly, because adequate state post-deprivation remedies are available, any Fourteenth Amendment deprivation-of-property claim Guider may be asserting must be dismissed for failure to state a claim upon which relief may

be granted.  Dismissal of this claim will be with prejudice, as granting leave to amend would be futile.  Guider cannot replead this claim in a way that would avoid the existence of adequate state post-deprivation remedies.  See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (citation omitted)); Centifanti v. Nix, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[T]he district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.").

### D.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." Grayson, 293 F.3d at 114.  The court will grant Guider leave to amend in the event that he could plausibly allege a Section 1983 claim against a state actor or actors.  He may not, however, reassert a Fourteenth Amendment deprivation-of-property claim, as any such claim is being dismissed with prejudice from this action.

If Guider chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The amended complaint should set

forth his Section 1983 claim or claims in short, concise, and plain statements, and in sequentially numbered paragraphs.

Guider must address the pleading deficiencies identified in this Memorandum. Most notably, he must clearly set forth the personal involvement of any named defendant in the alleged constitutional violations. That is, he must plausibly plead the unconstitutional action (or inaction) of each defendant he is attempting to sue. Additionally, Guider should—to the extent he is able—clarify what constitutional tort claim or claims he is asserting, rather than simply listing a constitutional amendment. For example, instead of vaguely alleging a "violation" of the "1st Amendment," (see Doc. 1 at 7), Guider should allege, at the very least, what clause of the First Amendment he believes has been infringed (e.g., free speech, petition, establishment, assembly, etc.).

Guider must also sign the amended complaint and indicate the nature of the relief sought. He may not include unrelated claims against different defendants in violation of Federal Rule of Civil Procedure 20(a)(2). If he does not timely file an appropriate amended pleading, dismissal of his complaint will automatically convert to dismissal with prejudice and the court will close this case.

## IV.    CONCLUSION

Based on the foregoing, the court will dismiss Guider's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Leave to amend will be granted.  An appropriate Order follows.

Date: 5-8-25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

11